Filed 8/20/25  P. v. Cortez CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>SALVADOR CORTEZ,<br><br>　　　Defendant and Appellant. | B338220<br><br>(Los Angeles County<br>Super. Ct. No. TA039052) |

APPEAL from an order of the Superior Court of Los Angeles County, Pat Connolly, Judge.  Dismissed.

Jennifer Peabody and Olivia Meme, under appointments by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Salvador Cortez appeals from the superior court's order denying a request for recall of his 2003 sentence and resentencing under Penal Code section 1172.1.[1]  Appellate counsel asks us to follow the procedures outlined in *People v. Delgadillo* (2022) 14 Cal.5th 216.[2]  Because we conclude the superior court's order is not appealable, we dismiss the appeal.

## BACKGROUND

In 2003, Cortez was convicted of first degree murder (§ 187, subd. (a); count 1), attempted premeditated murder (§§ 187, subd. (a), 664, subd. (a); count 2), and assault with a firearm (§ 245, subd. (a)(2); count 3).  As to counts 1 and 2, the jury also found true the allegations for personal use of a firearm, discharge of a firearm, and discharge of a firearm causing great bodily injury or death (§ 12022.53, subds. (b)–(d)).  As to counts 2 and 3, the jury found that Cortez personally inflicted great bodily injury (§ 12022.7, subd. (a)).  As to count 3, the jury also found that he personally used a firearm (§ 12022.5, former subd. (a)(1)).  The trial court sentenced Cortez to 105 years to life in state prison.  This court affirmed the convictions on direct appeal.  (*People v. Cortez* (Oct. 21, 2004, B168983) [nonpub. opn.].)

On February 1, 2024, Cortez filed a request for recall of his sentence and resentencing under section 1172.1.  He cited sentencing laws that had changed since his original sentencing, including those found in sections 667, 1385, 1170, and 1170.1.

---

[1]  All further undesignated statutory references are to the Penal Code.

[2]  The *Delgadillo* procedures apply to appeals for orders denying postconviction relief under section 1172.1.  (*People v. Rosemond* (2025) 108 Cal.App.5th 667, 673.)

2

Cortez also documented steps he had taken toward rehabilitation.

On March 26, 2024, the superior court issued a minute order summarily denying Cortez's request.

Cortez appealed and we appointed counsel to represent him. Counsel filed an opening brief stating she had "reviewed the entire record and found no arguable issues to raise on appeal." Counsel requested that we follow the procedures in *Delgadillo* and exercise our discretion to conduct an independent review of the record. Counsel stated she had written to Cortez and advised him he could submit a supplemental brief. Counsel also stated she would send a copy of her brief and the transcripts of the record on appeal to Cortez.

On June 23, 2025, Cortez filed a one-page letter with this court. The letter documents Cortez's additional progress toward rehabilitation.

## DISCUSSION

Generally, a trial court cannot resentence once execution of the sentence has begun. (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1082.) But section 1172.1 provides for a trial court to recall a sentence and resentence a defendant on its own motion within 120 days of commitment for any reason "rationally related to lawful sentencing." (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 456 [discussing former §1170, subd. (d)].) Or it may resentence on its own motion "at any time if the applicable sentencing laws at the time of the original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) A court may also resentence at any time at the recommendation of the Secretary of the Department of Corrections and

3

Rehabilitation, the Board of Parole Hearings, a county correctional administrator, or the Attorney General. (*Ibid*.)

A trial court's denial of the defendant's request to recall his sentence does not affect his substantial rights under section 1237, subdivision (b). (*People v. Faustinos* (2025) 109 Cal.App.5th 687, 696 (*Faustinos*); *People v. Hodge* (2024) 107 Cal.App.5th 985, 999 (*Hodge*); *People v. Roy* (2025) 110 Cal.App.5th 991, 998 (*Roy*).) Section 1172.1 does not permit a defendant to file a petition seeking relief. (§ 1172.1, subd. (c).) A defendant who files "an unauthorized request for resentencing has no *right* to a ruling." (*Hodge*, at p. 996; *Roy*, at p. 998.) Section 1172.1 does not require that the court consider resentencing at a defendant's request or even respond to it. (§ 1172.1, subd. (c); *Faustinos*, at p. 696; *Hodge*, at p. 991; *Roy*, at p. 998.)

The superior court's postjudgment order is not appealable because it did not affect Cortez's substantial rights. (*Faustinos*, *supra*, 109 Cal.App.5th at p. 693; *Hodge*, *supra*, 107 Cal.App.5th at pp. 963, 999; *Roy*, *supra*, 110 Cal.App.5th at p. 1001.) We dismiss the appeal because there is no appealable order.

## DISPOSITION

We dismiss the appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HANASONO, J.


We concur:



EDMON, P. J.



ADAMS, J.